Nov. Term,
1851.

WILLIAMS
v.
WILLIAMS.

WILLIAMS, Executor, v. WILLIAMS.

*A.* purchased of *B.*, in 1838, a tract of land, paid a part of the purchase-money in hand, and was to pay the residue by discharging an outstanding note of *B.* to a third person, when *A.* should sell the land. *A.* sold the land, omitted to pay the note, and concealed from *B.*, who had removed to another state, the fact of the non-payment, and suppressed information thereof. Judgment having been recovered against *B.* upon the note, he brought this suit, in 1849, against *A.'s* executor, upon the following common counts: 1. For money had and received by the testator, &c.; 2. For land bargained and sold to the testator, &c.; 3. For interest for the forbearance of moneys loaned to the testator, &c.; and 4. Upon an account stated. The facts above recited were the substance of the evidence. *Held,* that there was no proof of any of the causes of action alleged in the declaration. *Held,* also, that the non payment of the note could not properly be proved under any of the counts.

Saturday,
December 6.

ERROR to the *Morgan* Circuit Court.

PERKINS, J.—Assumpsit. The declaration is as follows: "*John R. Williams* complains of *William Williams*, executor of the last will and testament of *William Williams*, deceased, late, &c., in a plea of assumpsit: For that the said *William Williams*, deceased, in his life time, heretofore, to-wit, on the first day of *May*, 1844, at the county aforesaid, was indebted to the plaintiff in the sum of 200 dollars for money had and received by him, the said *Williams*, deceased, for the use of the plaintiff; and in the further sum of 200 dollars for land bargained and sold by the plaintiff to said *Williams*, deceased, in his life time, at his request; and in the further sum of 200 dollars for interest for the forbearance," &c.; " and in the further sum of 200 dollars upon an account stated," &c. "And being so indebted," &c. The declaration concludes in the usual form.

The defendant pleaded, 1. Non assumpsit by the said *Williams*, deceased; and 2. Non assumpsit by him within six years, &c.

Replication to the second plea, that the said *William Williams*, deceased, in his lifetime, concealed the cause of action from the knowledge of the plaintiff, until within less than six years, &c.

Rejoinder, that the said *William Williams*, in his life-time, did not conceal the cause of action, &c.

The cause was submitted to the Court for trial, and the following evidence was adduced:

Mrs. *Garrison* testified, that in the fall of 1844, the deceased, *William Williams*, was at her residence in *Iowa;* and in reply to a question of hers, he stated that *John R. Williams* had sold his place, being the south-east quarter, &c., to him; that he had paid him 200 dollars, and 10 dollars to *Sims*, and was to pay the balance of what the land brought when he sold it, on *John R. Williams's* sale-note; that he had sold the land to *William Pearcy* for 250 dollars. Witness understood the sale-note was given for a horse-beast, and that *Lewis Williams* was security on it. Witness states, that in the following year, in the fall of 1845, she was at the residence of the deceased, *William Williams*, in *Morgan* county, *Indiana*, and *Lewis Williams* asked her to carry a letter to *John R. Williams*, urging him to pay off said sale-note, but said *William Williams* told her not to take the letter, or if she did, not to deliver it, as he was to pay off said note; and also stated that he had carried a letter for *Lewis* on the same subject, when he went to *Iowa*, the year before, but did not deliver it to *John*, because he was himself to pay off the note.

Mr. *Davee* testified to the sale of the farm by *John R. Williams* to *William Williams*, deceased, for 250 dollars; to said *Williams's* admission that he was to pay said sale-note as a part of the purchase-money; and to the amount of said sale-note.

Mr. *Stafford* testified to the amount of the sale-note, 62 dollars and 50 cents, and that it was given for the price of a horse purchased by *John R. Williams* at the sale of the goods, &c., of *Margaret Williams*.

It was also proved that a suit had been instituted, and a judgment obtained, by the payee of said note, against said *John R. Williams*, which judgment does not appear to have been paid; that *John R. Williams* conveyed the farm to *William Williams*, and receipted him in full for the purchase-money, in 1838; that *William Williams* con-

veyed to *Pearcy* in 1841, and that *John R. Williams*, since the sale of his farm, had resided in *Iowa*. This suit was commenced in *February*, 1849.

Upon this evidence the Court below gave judgment for the plaintiff.

Two questions present themselves for our consideration: 1. Are any of the causes of action named in the declaration proved to have existed? 2. Is there proof of a concealment of them?

There is no proof of the count for money had and received. When *William Williams* received payment for the farm, on its sale by him, he received it as his own money and to his own use. He did not agree to apply any part of the price of that farm to the use of *John R. Williams*. But if he did, and received any part of that money to *John R.'s* use, and upon an agreement that it should go upon the note of the latter, still the fact of the reception was not concealed, and the statute is a bar. And if, as is contended, though the record does not show it, *William Williams* was the payee and holder of said sale-note, and received the money in question as payment of it, such payment should have been pleaded by *John R.* to the suit on said sale-note by said *Williams*, or his representative. There is no proof of an account stated.

There is proof of the sale of a farm by *John R. Williams* to *William Williams*, deceased, for 250 dollars; that 40 dollars of that sum was payable, upon a re-sale of the farm by *William Williams*, on a sale-note of said *John R. Williams;* that said farm had been re-sold, and, probably, the purchase-money received.

This part of the causes of action alleged in the declaration is proved to have existed in 1841, more than six years anterior to the commencement of this suit; and the next question is, was it concealed by *William Williams*, deceased?

We discover no evidence of such concealment. The only fact that he concealed, or attempted to conceal, from *John R. Williams*, was the non-payment of the sale-note.

The non-payment of that note is not, if it could have been, alleged as a cause of action in this suit. The facts, that he had re-sold the farm and received payment, were not concealed by *William Williams;* and these facts certainly cover all that is proved of the causes of action alleged in the declaration. We feel constrained to reverse the judgment below.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. L. Ketcham,* for the plaintiff.

*L. Barbour,* for the defendant.